GEORGE G. TENNANT, PROSECUTOR-APPELLANT, v. CITY OF JERSEY CITY AND STATE BOARD OF TAX APPEALS, PETITIONERS-RESPONDENTS.

Argued January 17, 1939—Decided February 21, 1939.

Before Justice CASE, DONGES and PORTER.

For the prosecutor-appellant, *George G. Tennant, pro se.*

For the petitioners-respondents, *Frank P. McCarthy* and *James A. Hamill.*

PER CURIAM.

Prosecutor's plot of land at 613 Bergen avenue, Jersey City, measuring seventy-five feet front with side lines of 88.75 and 94.37 feet, respectively, was assessed for the year 1936 at

$22,800 ($304 per front foot), was reduced by the County Board of Taxation to $15,000 and was reinstated to the original figure by the State Board of Tax Appeals on an appeal taken by the city of Jersey City. The last named finding is under review. The applicable rule is conceded by both sides to be that the true value for assessment purposes is the price which could have been obtained for the property at a fair sale under private contract between a willing buyer and a willing seller on October 1st, 1935.

A property at 585 Bergen avenue, about one block distant from that of the prosecutor, sixty-two feet front by one hundred deep, was sold on May 22d, 1936, for $6,000 ($97 per front foot) and resold on September 1st, 1936, for $12,500, approximately $200 per front foot. A corner property only fifty feet distant from the prosecutor's land, having a frontage of one hundred feet on Bergen avenue with a depth of one hundred and forty-six feet along Kensington avenue, was sold on March 1st, 1938, for $16,000, being at the rate of $160 per foot fronting on Bergen avenue. There were other comparable sales of land in the neighborhood, as for instance a property at No. 34 Kensington avenue, fifty by one hundred, sold on June 26th, 1935, for $100 per front foot, resold in September of 1935 for $154 per front foot, and one at No. 14 Kensington avenue, seventy-five by one hundred, sold January 23d, 1936, for $120 per front foot, resold May 9th, 1936, for $160 per front foot. It is inferable that in those instances where the properties were sold and, without long delay, sold again at an advanced figure the purchaser at the first sale bought with the object of reselling at a profit and not for permanent investment; but that is not to say that any of the sales did not come within the scope of the rule, and particularly it is not to say that the resales were not the result of an exhaustive search by a seller, who knew values and was under no compulsion, for a customer at the best price obtainable.

Sales which the respondent municipality relies upon are more distant either in time of sale or in physical location of the property, or are more favorably situated; such are the

Alberneses-St. Peters sale, in 1931, of a property facing the Boulevard on the east, Gifford avenue on the south and the landscaped grounds of Lincoln Park on the north, and the sale, in 1936, by Commercial Trust Company to Keane of the property at the corner of the Boulevard and Belmont avenue.

The judgment of the state board will not be disturbed on *certiorari* on questions of fact unless the evidence is persuasive that the board erred in its determination (*Kearny* v. *Board of Equalization of Taxes,* 81 *N. J. L.* 106; but upon the case presented to the board in the instant matter the specific data bore down heavily in favor of the taxpayer, and the more detailed testimony taken upon rule after issue of the writ shows that the prices paid by willing buyers to willing sellers at unforced private sale for property in proximity to prosecutor's lands are below the assessment under review. The proofs, considered in the light of the applicable rule, require that the judgment of the state board be reversed; and that will be the order. This will result in a re-establishment of the assessment of $15,000 on land as fixed by the Hudson County Board of Taxation. Costs are allowed.